IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| EVELYN SAFER, | : | |
| | : | |
| Plaintiff, | : | Civil No. 08-3767 (RBK) |
| | : | |
| v. | : | **ORDER** |
| | : | |
| BALLY'S PARK PLACE, INC., et al., | : | |
| | : | |
| Defendants. | : | |

   THIS MATTER having come before the Court upon its own motion; and

   IT APPEARING TO THE COURT that the Complaint invokes 28 U.S.C. § 1332 in support of federal subject matter jurisdiction over this civil action; and

   IT FURTHER APPEARING TO THE COURT that the Complaint states, "Defendant, Bally's Park Place, Inc., d/b/a/ Bally's Atlantic City . . . is a corporate entity and a citizen of the state of New Jersey . . . and is licensed to operate in the State of New Jersey" and that the Complaint contains no further averments as to the citizenship of Defendant Bally's Park Place Inc., d/b/a/ Bally's Atlantic City; and

   IT FURTHER APPEARING TO THE COURT that the Complaint states, "Defendant, The Stanley Works . . . is a corporation/business entity and a citizen of the state of Connecticut . . . with an office located at 1000 Stanley Drive, New Britain, Connecticut 06053" and that the Complaint contains no further averments as to Defendant The Stanley Works' citizenship; and

IT FURTHER APPEARING TO THE COURT that the Complaint states, "Defendant, Stanley Access Technologies, LLC . . . is a business entity owned by Defendant, Stanley and a citizen of the state of Connecticut . . . with an office located at 65 Scott Swamp Road, Farmington, Connecticut 06032" and that the Complaint contains no further averments as to Defendant Stanley Access Technologies, LLC's citizenship; and

THE COURT NOTING that for the purposes of diversity jurisdiction, the citizenship of each party must be alleged specifically, see Hodgson v. Bowerbank, 9 U.S. 303 (1809); and

THE COURT NOTING FURTHER that the citizenship of a business entity is determined by using one of two methods depending on whether the entity is or is not incorporated, Hessert Const. N.J, L.L.C. v. Garrison Architects, P.C., Civ. No. 06-5696, 2007 WL 2066355, at *2 (D.N.J. July 13, 2007); and

THE COURT NOTING FURTHER that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. § 1332(c)(1); and

THE COURT NOTING FURTHER that allegations of corporate citizenship must include the state where the corporation has its principal place of business, allegations of a principal place of business being insufficient, Hunt v. Acromed Corp., 961 F.2d 1079 (3d Cir. 1992); and

THE COURT NOTING FURTHER that where "a firm is not a corporation, its citizenship is determined by the citizenship of its proprietor, partners, members, or other principals," Wild v. Subscription Plus, Inc., 292 F.3d 526, 528 (7th Cir. 2002); Rolling Green MHP, L.P. v. Comcast SCH Holdings, LLC, 374 F.3d 1020, 1022 (11th Cir. 2004); and that a

limited liability company is not a corporation; and

THE COURT FINDING that the Complaint fails to properly allege diversity jurisdiction;

IT IS HEREBY **ORDERED** that Plaintiffs file an Amended Complaint properly alleging the citizenship of every party on or before **August 20, 2008**, under pain of this Court dismissing this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).


Dated: 8-5-08                                              s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge